# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

CURTIS RAY BALLOU,

        Plaintiff,

    v.

MEADOWS REGIONAL MEDICAL
CENTER,

        Defendant.

CIVIL ACTION NO.: 6:17-cv-121

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has submitted a Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1.) Concurrent with his Complaint, Plaintiff filed a Motion to proceed *in forma pauperis*. (Doc. 2.) For the numerous reasons set forth below, the Court **DENIES** Plaintiff's Motion to proceed *in forma pauperis*, and I recommend that the Court **DISMISS** this action, **DENY** Plaintiff leave to appeal *in forma pauperis*, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case.

## PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, filed this action on August 9, 2017. (Doc. 1.) Plaintiff names Meadows Regional Medical Center ("Meadows Regional") as the sole Defendant in this case. He contends that in July of 2015, while in the custody of the Georgia Department of Corrections, he was admitted to Meadows Regional for stomach surgery. (Id. at p. 5.) He contends that the "the surgery team" left a syringe cap in his stomach. Id. He states that this object caused him to suffer severe pain for several days and that the cap was eventually identified on a radiology report by other physicians.

*Id.*  Though Plaintiff's Complaint is not clear, it appears that he was returned to Meadows Regional and the hospital was "forced to repete [sic] surgery."  (*Id.* at p. 4.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law which require the dismissal of the Complaint.

**DISCUSSION**

I.      **Dismissal Under Section 1915(g)**

    A.      **Plaintiff has Three Strikes**

As explained above, a prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Court of Appeals for the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 214, (2007); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). In Rivera, the Eleventh Circuit explained that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." 144 F.3d at 731. Therefore, this Court and others frequently find that a dismissal for failure to exhaust administrative remedies counts as a "strike" under Section 1915(g). See, e.g., Gibbs v. Georgia Dep't of Corr., No. CV 316-055, 2016 WL 3996717, at *1 (S.D. Ga. July 22, 2016); Bey v. Kolodezji, No. 3:15CV387/RV/CJK,

2016 WL 4136521, at *1 (N.D. Fla. June 14, 2016), *report and recommendation adopted*, No. 3:15CV387/RV/CJK, 2016 WL 4111330 (N.D. Fla. July 29, 2016).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 731. The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought numerous civil actions or appeals which were dismissed and appear to count as strikes under Section 1915(g). A list of these cases includes the following:

- Order, Ballou v. Geo Group Inc., No. 11-14084-A (11th Cir. May 11, 2012), ECF No. 36 (dismissal of appeal as frivolous);

- Order, Ballou v. Bryson *et al.*, No. 6:15-cv-125 (S.D. Ga. April 28, 2016), ECF No. 15 (dismissal for failure to exhaust administrative remedies);

- Order, Ballou v. Owen *et al.*, No. 1:14-cv-202 (S.D. Ga. April 7, 2015), ECF No. 20 (dismissal for abuse of process and failure to follow court orders);

- Order, Ballou v. Barber, No. 7:12-cv-31 (M.D. Ga. Nov. 7, 2012), ECF No. 35 (dismissal for failure to exhaust administrative remedies);

- Order, Ballou v. Atlanta Medical Center, No. 1:10-cv-02959 (N.D. Ga. Oct. 25, 2011), ECF No. 27 (dismissal for failure to follow court order);

Consequently, Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). Plaintiff's complaint contains no indication that he is in imminent danger of serious physical harm. While he claims that Meadows Regional's negligence lead to pain following his surgery, he does not allege that he still experiences pain; he appears to allege that Meadows Regional remedied their negligence by performing the surgery again, and he makes no claim of a current serious medical need for which he is not receiving treatment.

Thus, Plaintiff's status as a "three-striker" under Section 1915(g) provides sufficient grounds for the Court to deny him leave to proceed *in forma pauperis* and to **DISMISS** this case.

## II.     Dismissal for Abuse of Judicial Process

The complaint form that Plaintiff used to file his Complaint asks several questions regarding his history of filing of lawsuits.  While Plaintiff acknowledged that he filed lawsuits, he failed to fully answer serval questions regarding those lawsuits.  Moreover, Plaintiff stated that he had never filed any appeals, which is not true.  (Doc. 1, p. 3.)   The case management system, as outlined above, shows that Plaintiff is a prolific litigant who has brought several previous actions and appeals while incarcerated.  See  R. & R., Ballou v. Owen, No. 1:14-cv-202, 2015 WL 1607983, at *3 (S.D. Ga. Apr. 7, 2015) (recommending dismissal of Plaintiff's complaint for failure to disclose numerous prior lawsuits and noting that plaintiff had filed several lawsuits and that one of his appeals had been dismissed as frivolous).

As previously stated, Section 1915 requires a court to dismiss a prisoner's action if, at any time, the court determines that it is frivolous or malicious, fails to state a claim, or seeks relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  Significantly, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under Section 1915.  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (alteration in original) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions."  Id. at 225–26 (citing Fed. R. Civ. P. 11(c)).  Again, although pro se pleadings are to be construed liberally, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."  Id. at 226.

Relying on this authority, the Eleventh Circuit has consistently upheld the dismissal of cases where a *pro se* prisoner plaintiff has failed to disclose his previous lawsuits as required on the face of the Section 1983 complaint form.  See, e.g., Redmon, 414 F. App'x at 226 (pro se

prisoner's nondisclosure of prior litigation in Section 1983 complaint amounted to abuse of judicial process resulting in sanction of dismissal); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (same); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (same); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (same).  Even where the prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive.  See, e.g., Redmon, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); Shelton, 406 F. App'x at 341 ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young, 380 F. App'x at 941 (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); Hood, 197 F. App'x at 819 ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Another district court in this Circuit recently explained the importance of this information as follows:

> [t]he inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts.  Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis).  Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.

<u>Brown v. Saintavil</u>, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) (emphasis omitted).

Plaintiff misrepresented his prolific litigation history in his Complaint. The plain language of the standard complaint form is clear—asking whether Plaintiff "ever filed any lawsuit while incarcerated or detained." (Doc. 1, p. 2.) Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiation of those lawsuits is the precise type of activity for which this prompt requires disclosure. Plaintiff failed to fully disclose the information requested about his prior lawsuits and appeals. This constitutes a lack of candor that will not be tolerated in this Court. Plaintiff attempts to explain away his lack of candor by stating that he does not have full records regarding his past cases. (<u>Id.</u>) However, Plaintiff did not make any real effort to describe his cases and he stated that he had not filed any appeals, which is blatantly untrue. Plaintiff's failure to truthfully disclose his litigation history is particularly galling given that this Court previously dismissed one of his prior lawsuits for the same dishonesty. <u>See</u> R. & R., <u>Ballou v. Owen</u>, No. 1:14-cv-202, 2015 WL 1607983, at *3 (S.D. Ga. Apr. 7, 2015). Therefore, Plaintiff's abuse of judicial process provides further grounds for the Court to deny him leave to proceed *in forma pauperis* and to **DISMISS** this case.

## III. Dismissal for Failure to State a Claim

Even if Plaintiff were not a three striker and had truthfully answered the questions on the Complaint form, the Court would still have grounds to dismiss his Complaint. In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Hale v. Tallapoosa Cty.</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person

acting under color of state law." Id. Moreover, the Eleventh Circuit has stated that the district courts are not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (citations omitted)).

Pretermitting the question of whether Meadows Regional qualifies as person acting under color of state law,[1] Plaintiff has failed to levy sufficient allegations to hold the hospital liable for the actions of the "surgery team." Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisory defendant may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the defendant's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011). Moreover, an entity such as

---

[1] The Supreme Court of the United States has held that a physician, employed by the state to provide medical services to state prison inmates, acts under color of state law for purposes of Section 1983 because "[u]nder state law, the only medical care [the inmate] could receive for his injury was that provided by the State," even though the physician was employed pursuant to a contract that "did not require him to work exclusively for the prison." West v. Atkins, 487 U.S. 42, 54–56 (1988); see also Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (finding state action under the public function test where an entity contracted with the county to provide medical care to persons housed at the county jail).

Meadows Regional cannot be held liable under Section 1983 simply because it employs a tortfeasor. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992) (extending Monell rationale to private mental health hospital).

It appears Plaintiff wishes to hold Meadows Regional liable based solely on its position as the employer or overseer of the surgery team. He does not allege that Meadows Regional had a policy or custom that led to the violation of his constitutional rights or that there was a widespread history of abuse that should have placed Meadows Reginal on notice. Consequently, Plaintiff has not established that Meadows Regional had any involvement in the violation of Plaintiff's constitutional rights or that there is any causal connection between its conduct and the violation. Therefore, he has failed to state a viable Section 1983 claim against Meadows Regional.

## IV.   Denial of Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

---

[2]  A certificate of appealability is not required in this Section 1983 action.

claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*, and I **RECOMMEND** that the Court **DISMISS** this case, **DENY** Plaintiff leave to appeal *in forma pauperis*, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED**, this 10th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE